## Collett v. Hoskins, et al.

(Decided October 26, 1917.)

### Appeal from Leslie Circuit Court.

1. Adverse Possession—Burden of Proof.—In an action to recover land where the defendant is in the actual adverse possession, holding under color of title, the plaintiff has the burden and must recover, if at all, upon the strength of his own title, and not the incompleteness of the title of his adversary.

2. Adverse Possession—Right of One in Adverse Possession.—A defendant in the adverse possession of land may successfully defend against any and all persons, except the rightful owner, and this though the defendant himself be a mere trespasser.

J. M. BICKNELL for appellant.

J. B. MINIARD for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This is a controversy over a tract of 160 acres of land lying in Leslie county. Originally it was surveyed by and patented in the name of one DeGrout. In 1875 a man by the name of Samuel Collett resided upon the tract as a "squatter," but claimed the land. He had no paper title. About 1878 he sold out his possession to James Whitehead, but gave him no writing, and then James Whitehead sold it back to Collett and Collett again sold it to Whitehead, each one in turn taking and holding possession. It seems that the outside boundary of the tract of land was fixed by surveyors employed by DeGrout, who recognized Collett's possession. Whitehead continued to reside upon the land from 1878 until the spring of 1885, a period of seven or eight years, when he moved off and remained until March, 1886, and returned. No one was on the land in his absence and no one was on it when he came back. He again resided upon the land from March, 1886, until 1894, when he sold it to Jordan Gross and gave him a writing, which Judge L. D. Lewis, in his deposition, calls a "title bond." This is the first paper title relied upon in this record. Whitehead had continuously held the land for eight years previous to 1894, when he sold it to Jordan Gross; Gross took possession of the land and remained on it for one year, when he moved off and died. He left no one in possession. The land was unoccupied from 1895 or 1896 until 1900, when Betty Muncy, a daughter of Gross, moved on to it and took possession. That fall (1900) she sold and deeded the land to Isaac Hoskins, and afterwards Hoskins sold the property and by *mesne* conveyance appellant, Elias Collett, received a general warranty deed to the tract as a whole and took possession of it, and was residing upon it when this suit was instituted in the Leslie county court in April, 1908. It is not important that in 1910 and after the institution of this action James Whitehead made a deed to the Gross heirs. The action was first instituted in the county court and then transferred to the circuit court. It was originally a suit for a division of land.

Collett, one of the defendants, relied upon his rightful possession, under color of title, and further upon the failure of plaintiff's title.

Upon hearing in the circuit court the chancellor granted the prayer of the petition and adjudged a division

of the land. From this judgment Collett, then defend-ant, appeals.

It is insisted by Collett that appellees, Hoskins, etc., plaintiffs below, and those under whom he claims, have not had possession continuously and uninterruptedly for as much as fifteen years, and as they have no paper title Collett contends plaintiffs must fail. He does not urge his own title so much as he assails that of his adversary.

It will be observed that there was a gap in the possession of plaintiffs' predecessors from 1885 until the year 1886, and another break in the possession of plaintiffs' predecessors from 1895 to 1900, and that the suit was brought in 1908, so that Betty Muncy's possession was only eight (8) years old at the time of the institution of the action. Neither appellant nor appellee had perfected title by possession to the tract of land in controversy. It is insisted, however, that appellants claim under Mrs. Muncy, and that she only conveyed an heir's part of the land, and her vendees began to claim the entire tract and conveyed by deed of general warranty, a thing they had no right to do, to Elias Collett. So appear the facts. But that does not aid a plaintiff who, under our law, must rely upon the completeness of his own title.

Appellees, Hoskins, &c., claim under the possession of James Whitehead, which he conveyed to Jordan Gross. But Whitehead and Jordan Gross only held and occupied the land about nine or ten years. The occupancy of Samuel Collett from 1875 to 1878, when he conveyed it to Whitehead, amounted to about three years; Whitehead continued on it from 1878 until 1885, when he left the land and moved on to Beech Fork, and remained about a year, returning in March, 1886.

It is a well established rule that a plaintiff must win upon the strength of his own title, while a defendant, though a trespasser, may defend and defeat the entry or recovery of a plaintiff who is unable to show title in himself.

Collett was exactly in this position. He could not have, as plaintiff, successfully maintained an action even against a wrongdoer to oust him from this land. But being in possession under color of title, even though a trespasser, he could defend against a plaintiff situated as was Hoskins and others, because the burden was on the plaintiffs and they were unable to sustain it.

This being true, the circuit court should have dismissed the action and adjudged the defendant below entitled to recover his cost.

Judgment reversed for proceedings consistent with this opinion.